UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>)<br>CALVIN JAMES FERGUSON, JR., )<br>)<br>Defendant. ) | Criminal No. 07-297(5) DWF<br><br>**MEMORANDUM IN RESPONSE TO GOVERNMENT'S OPPOSITION TO MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)** |

Comes now, Calvin James Ferguson, Jr., through undersigned counsel, and submits this Memorandum in Response to Government's Opposition to Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c). Mr. Ferguson renews his request for a reduction to a sentence of 96 months in prison.

I.   **Eligibility Under § 3582(c)**

Mr. Ferguson urges that he is eligible for relief, contrary to the government's position, because his guidelines have been reduced by recent amendments. Specifically, Mr. Ferguson has asked the Court to determine that he is responsible for 1.5 - 2.8 kilograms of crack, meriting a new adjusted offense level of 33. In opposing this position, the government invites the Court to review sentencing documents and trial testimony from the trial of Joe Edwards, a trial at which Mr. Ferguson was a witness but not a party, and at which his attorney was not present to represent his interests. Mr. Ferguson concedes that the Court must now decide whether he is responsible for more or less than 2.8 kilograms of crack cocaine in order to rule on his motion, a decision the Court did not need to reach at his initial sentencing. Additionally, Mr. Ferguson concedes that there is little caselaw exploring how this decision should be made. He strongly

urges, however, that the Court should base its decision on information and evidence developed in Mr. Ferguson's own case, at his own sentencing, rather than on information developed during a trial of another person, during which he had no ability (or reason) to defend himself.

Mr. Ferguson urges the Court to conclude, as he sets forth in his opening Motion, that the record *in his case* supports a finding that he was responsible for more than 1.5 kilograms but less than 2.8 kilograms, and is therefore eligible for a reduced sentence. The PSR does not recommend weight beyond 1.5 kilograms and the government never sought a greater finding or a more specific drug quantity. Indeed, during the conspiracy only 12.7 grams of crack was seized from Mr. Ferguson. Based on the record developed in Mr. Ferguson's own case, he urges the Court to use its discretion to determine that he is responsible for between 1.5 and 2.8 kilograms of crack, and is therefore now eligible for a sentence reduction.

## II.     § 5K2.23 Departure

Mr. Ferguson disagrees with the government position regarding the application of § 5K2.23 on resentencing. The government is correct that a portion of Mr. Ferguson's original downward departure was based on U.S.S.G. § 5K2.23 for "undischarged term of imprisonment."[1] Specifically, 16 months were taken off of Mr. Ferguson's sentence as credit for time spent in juvenile custody on a sentence that comprised relevant conduct for

---

[1] Undersigned counsel apologizes for overlooking this separate basis for the Court's downward variance in Mr. Ferguson's case. As explored above, however, Mr. Ferguson is still eligible for a full reduction to 96 months.

2

the federal case. (Sentencing, pp. 3-5) The government conceded the propriety of that adjustment:

> [W]e knew that there was going to be some of these [§5K2.23 adjustments], some of the relevant conduct was going to be capture that people had already been punished for . . .. So, we don't oppose the Court's determination that you should start at 194.

(Sentencing, pp. 4-5)

It is true that the Sentencing Commission concluded that downward departures and variances given at a defendant's original sentencing should not ordinarily be recreated in determining a sentence reduction pursuant to § 3582(c) and the new guidelines for crack cases. *See* U.S.S.G. § 1B1.10. An exception was carved out to this general prohibition for downward departures based on cooperation. *Id*. The departure contemplated by U.S.S.G. § 5K2.23 in recognition of discharged terms of imprisonment already served by the defendant should also present a unique exception to that rule, and should support a sentence for Mr. Ferguson of 96 months.

As the Court is acutely aware, the Bureau of Prisons alone calculates the amount of credit a defendant should receive against a sentence for time served in the custody of other jurisdictions. As a general matter, the BOP refuses to give credit against a federal sentence for previously served sentences even if the two cases are fully intertwined, and even in the face of an explicit Court order mandating that such credit be granted. The Court is left with no mechanism for imposing a sentence which it feels fairly accounts for

time already served other than reducing the federal sentence pursuant to § 5K2.23, as the Court did in this case.  However, such an adjustment is by no means a departure or variance in the traditional sense: it is not based on any unique characteristics of the crime or the offender.  Instead, it is a calculation of proper credit for time served that the Bureau of Prisons, left to its own devices, will not grant.

Because § 5K2.23 was used in Mr. Ferguson's case to give very specific credit which the BOP would not for time served in cases that were direct relevant conduct for his federal case, Mr. Ferguson respectfully urges that this circumstance presents a unique exception to the general language of § 1B1.10.  Specifically, the Court determined the advisory guidelines in his case, 210-262, and gave a 16-month downward adjustment under § 5K2.23 to credit time service which the BOP would refuse to count.  Mr. Ferguson asks the Court to make the same adjustment when calculating his sentence under the new guidelines.

Mr. Ferguson invites the Court to consider *United States v. Malloy*, ___ F.Supp.2d ___, 2012 WL 603725 (N.D.N.Y)(February 24, 2012).  In the *Malloy* case the court was confronted with the same argument the government raises here: that a downward reduction under § 5K2.23 cannot be replicated in a § 3582(c) resentencing.  The *Malloy* court rejected that argument:

> Thus, when considered in conjunction with its application note, § 1B1.10(b)(2) is unambiguous; it bars a reduction, whether by departure or variance, that imposes a term of imprisonment below the minimum of the amended guideline

> range. It does not, however, address a situation, such as this one, where the defendant was given credit for relevant conduct.

*Malloy*, at *5. The court discussed at length the difference between a departure or variance on the one hand, and credit for time served on the other. In the end the court determined that it had the authority to reduce Mr. Malloy's sentence below the newly applicable guideline range in recognition of the sentence he had already served that the Bureau of Prisons would refuse to credit. *Id*. at *5. The court concluded that, to deny the credit in Mr. Malloy's case would be "simply put, inequitable."

In advocating against the full reduction requested by Mr. Ferguson, the government makes repeated reference to the crack resentencing motion of another defendant from his original case, Obuatawan Holt. It goes without saying that Mr. Ferguson was not a party to Mr. Holt's resentencing litigation, and had neither the ability nor any reason to be involved in that motion. While Mr. Holt had the same counsel as Mr. Ferguson, it should be beyond doubt that in Mr. Holt's case counsel was representing the interest of Mr. Holt, and in Mr. Ferguson's case, counsel represents Mr. Ferguson. Mr. Ferguson should not be held to the government's interpretation of an argument made by his attorney in another case. Moreover, as the government concedes, the Court did not even have to reach the issue present in Mr. Ferguson's case in ruling on Mr. Holt's motion, as Mr. Holt could not receive more than two months off due to the presence of a mandatory minimum.

5

### III.     Conclusion

In sum, Mr. Ferguson respectfully seeks a sentence reduction to 96 months. The Court should use its discretion to determine both that Mr. Ferguson qualifies for a reduction and that a new sentence of 96 months is appropriate.

Dated: March 28, 2012                                      Respectfully submitted,

*s/Katherine M. Menendez*

KATHERINE M. MENENDEZ
Attorney ID No. 278014
Attorney for Defendant
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415